UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Yong Chul Son,

        Plaintiff,

  - against -

Thomas G. Lynch (Deceased); Publisher of New
Jersey Lawyers Diary and Manual, LLC,
Andrews S. Strauss (CEO),

        Defendants.
---------------------------------------------------------------X

**TRANSFER ORDER**
24-CV-38 (DG) (LB)

**BLOOM, United States Magistrate Judge:**

On January 3, 2024, *pro se* Plaintiff Yong Chul Son filed this action against Defendants located in New Jersey related to litigation commenced in New Jersey.[1]  Complaint, ECF No. 1. By Order dated January 17, 2024, the Court directed Plaintiff to show cause why the action should not be transferred to the District of New Jersey.  On February 20, 2024, Plaintiff responded to the Court's Order.  ECF No. 7.  As set forth below, the action is transferred to the United States District Court for the District of New Jersey.

Venue is governed by 28 U.S.C. § 1391(b) which provides that an action may brought in the "judicial district in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."  If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

[1] *See Son v. Lynch, et al.*, No. 2:17-CV-13666-MCA-MAH (D.N.J.).

Plaintiff's complaint fails to allege that any Defendant resided in the Eastern District of New York or that any events or omissions giving rise to his claim occurred in the Eastern District of New York. *See generally*, Complaint. Plaintiff's response to the Court's Order reaffirms that the Defendants are citizens of New Jersey and there is no basis for venue in the Eastern District of New York. *See* Pl. Response at 1-2. Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 110, 1406(a). The Court offers no opinion on the merits of this action. The provision of Local Rule 83.1 requiring a seven-day stay is hereby waived.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mark this case closed upon transfer and to note that a copy of this Order has been mailed to Plaintiff.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 22, 2024
      Brooklyn, New York

2