UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONG CHUL SON,<br><br>                Plaintiff,<br><br>v.<br><br>THOMAS G. LYNCH *et al.*,<br><br>                Defendants. | Civil Action No. 24-01051 (JXN)(JRA)<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court by way of Defendants Publisher of New Jersey Diary and Manual, LLC, Andrew S. Strauss, and Michael Skinder's (collectively the "LD Defendants") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 18.) Also before the Court is Plaintiff's motion to submit an opposition. (ECF No. 24.) The Court has carefully reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED**, and the Court has deemed ECF No. 24 as Plaintiff's opposition to the LD Defendants' Rule 12(c) motion and considered it accordingly. Additionally, the LD Defendants' Rule 12(c) motion is **GRANTED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

As best as the Court can determine from the papers filed, the instant dispute stems from a series of lawsuits commenced by Plaintiff in New Jersey Superior Court ("state court") and federal

---

[1] This background is drawn from the allegations in Plaintiff's complaint, which the Court has accepted as true, as well as exhibits attached to his complaint and matters incorporated by reference or integral to the complaint. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

court. In 2001, Plaintiff's former attorney, Defendant Thomas G. Lynch, Esq. ("Lynch"), filed a civil action in state court on behalf of Plaintiff entitled *Son v. Pum Yang Express, USA*, *Inc*., Docket No. BER-L-4320-01. (*See* Complaint ("Compl.") at 2-3, ECF No. 1; *id*., Ex. E.) The lawsuit was dismissed in 2002. (*See* Compl., Exs. F-H.) According to Plaintiff, he did not learn of the dismissal until two years later. (*See* Compl. at 3; *id*., Ex. I Certification of Yong C. Son ("Son Cert.") ¶¶ 9-11.) As a result, in 2010, Plaintiff filed a malpractice action against Lynch in state court entitled *Son v. Lynch*, Docket No. BER-4607-10. That civil action was subsequently dismissed. (*See* Compl., Ex. K.) On January 7, 2011, the dismissal of Plaintiff's case was vacated. (*See id*.) Having previously failed to properly serve Lynch, the state court directed Plaintiff to look for Lynch's business address in the New Jersey Lawyer's Diary ("Lawyer's Diary") and serve him there. (*See id*.) Plaintiff claims that the Lawyer's Diary "listed [Lynch's] wrongful address" and he was unable to serve him. (*See* Compl. at 4; *id*., Ex. L, O.) Plaintiff's case against Lynch was ultimately dismissed. (*See* Compl., Ex. P.)

On December 27, 2017, Plaintiff filed a civil action in the District of New Jersey against Lynch, Edward W. Cillick, Esq., and the Publisher of New Jersey Diary and Manual, LLC. for emotional distress, financial loss, "breach of justice," and damage "due to wrongful business address scam." (*See Son v. Lynch, et al.*, Civil Action No. 2:17-cv-13666 (MCA) (MAH) (the "2017 Action"), ECF No. 1 at 5; Compl, Exs. Q-T.)[2] On February 4, 2019, Plaintiff's Complaint was dismissed for lack of subject matter jurisdiction. (*See* 2:17-cv-13666, ECF No. 11.)

Over four years later, on January 3, 2024, Plaintiff commenced this action, *pro se*, in the Eastern District of New York. (*See* Compl.) The case was subsequently transferred to this District

---

[2] By letter dated January 4, 2018, Lynch's former attorney, Edward W. Cillick, Esq., advised Plaintiff that Lynch passed away on February 13, 2017, and that he did not represent Lynch nor his estate. (*See* Compl. at 3; *id*., Ex. Q.)

2

on February 22, 2024. (*See* ECF No. 8.) Plaintiff's Complaint appears to assert claims under 42 U.S.C. § 1983, 28 U.S.C. § 1402, and for negligence. (*See* Compl. at 3-4.) The LD Defendants filed an Answer on March 27, 2024. (ECF No. 8.)

On June 21, 2024, the LD Defendants filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 18.) Plaintiff having failed to file an opposition brief or request an extension of time by the July 1, 2024 deadline, on July 10, 2024, the Court issued a Text Order providing that "Plaintiff shall file an opposition by no later than July 22, 2024 or the Court will consider the motion unopposed. Should Plaintiff submit an opposition, the deadline for Defendants to submit a reply is July 29, 2024…" (ECF No. 22.) In response, Plaintiff timely filed a "Motion to Submit an Opposition against Defendants a Motion to Dismiss" (ECF No. 24), which the Court has granted deemed as Plaintiff's opposition and considered accordingly.[3] The LD Defendants neither responded to Plaintiff's motion nor replied in further support of their Rule 12(c) motion.

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim before or after filing an answer. *See Hackensack Riverkeeper, Inc. v. Del. Ostego Corp.*, 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (citing Fed. R. Civ. P. 12(b)(6), (c)). When moving to dismiss after filing an answer, a defendant must move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *Id.*; *see also* Fed. R. Civ. P. 12(c), (h)(2). In analyzing a motion for judgment on the pleadings, the court uses the same legal standard "that appl[ies] to a Rule

---

[3] Based on the date stamp on the first page of Plaintiff's motion/opposition papers, it appears that Plaintiff's submission was filed by the Court-ordered deadline of July 22, 2024. (*See* ECF No. 24 at 1.) However, because Plaintiff's submission was not docketed until July 26, 2024 (*see id.*, docket text noting "(Entered 07/26/2024)"), on July 25, 2024, the Court issued a Text Order noting that Defendants' motion would be considered "unopposed." (ECF No. 23.) Nonetheless, as stated above, the Court has considered the motion filed at ECF No. 24 as Plaintiff's opposition to Defendants' Rule 12 (c) motion.

12(b)(6) motion." *See Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)).

In considering a Rule 12(c) motion, the court must "accept all of the allegations in the pleadings of the [non-moving] party ... as true and draw all reasonable inferences in [its] favor ...." *Id.* at 417-18 (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). As Plaintiff is *pro se*, the Court must construe his pleadings liberally and hold his pleadings to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not ... credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Mestman v. Escandon*, No. 14-3880, 2014 WL 11398143, at *1 (D.N.J. June 25, 2014). In ruling on a motion for judgment on the pleadings, "a court may examine the complaint, the answer, 'any matter of which the court can take judicial notice for the factual background of the case,' and 'written instrument[s] that [are] exhibit[s] to a pleading,' so long as those exhibits are 'indisputably authentic documents.'" *Perrigo Co. v. AbbVie Inc.*, No. 21-3026, 2022 WL 2870152, at *2 n.6 (3d Cir. July 21, 2022) (first quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); then quoting Fed. R. Civ. P. 10(c); and then quoting *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004)). The Court may grant a Rule 12(c) motion only "if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Zimmerman*, 873 F.3d at 417 (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citation omitted)).

### III.   DISCUSSION

As noted above, Plaintiff's Complaint appears to assert claims under 42 U.S.C. § 1983, 28 U.S.C. § 1402, and negligence. (*See* Compl. at 3-4.)[4] The LD Defendants now move under Rule

---

[4] In his opposition papers, Plaintiff appears to attempt to assert a new cause of action against Lynch for "Malpractice [Breach of Trust]." (*See* ECF No. 24 at 1.) However, a complaint cannot be amended (or supplemented) by way of an

4

12(c) for judgment on the pleadings on the grounds, *inter alia*, that Plaintiff's claims are barred by their respective statutes of limitation. The LD Defendants argue that Plaintiff's claims arise from alleged conduct occurring between 2002 and 2019, while Plaintiff did not file his Complaint until January 2024—well over four years later.[5] (*See* ECF No. 18 at 7-8.) The Court agrees.

A court adjudicating a Rule 12(c) motion for judgment on the pleadings must apply the same standard applied to motions to dismiss pursuant to Rule 12(b)(6). *Gebhart v. Steffen*, 574 F. App'x 156, 158 (3d Cir. 2014). "To survive a motion to dismiss, a complaint-even a *pro se* complaint- 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

The "Statement of Claim and Facts" and "Conclusion" sections of Plaintiff's Complaint consist of a listing of various dates and disjointed statements concerning named defendants and others that are confusing and difficult to follow. (*See* Compl. at 2-4.) Indeed, the Complaint fails to provide a clear narrative of either the factual or legal basis for Plaintiff's claims. *See* Rule 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550

---

opposition brief. *See Pennsylvania ex rel. v. Zimmerman v. Pepsico,* 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted); *see also Janowski v. City of North Wildwood*, No. 16-4464, 2017 WL 1821078, at *11 (D.N.J. May 5, 2017) ("Plaintiff cannot amend or supplement his pleadings through his opposition brief.") (citing *Zimmerman*, 836 F.2d at 181). It also appears that Plaintiff's opposition contains facts that are not expressly set forth in his Complaint. (*See generally* ECF No. 24 at 1-3.)

[5] Because, as explained below, the Court finds this argument sufficient to dismiss Plaintiff's Complaint, the Court declines to address the LD Defendants' other arguments.

U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level").

A generous, liberal reading of the Complaint suggests that Plaintiff asserts causes of action under 42 U.S.C. § 1983, 28 U.S.C. § 1402, and for negligence for alleged injuries sustained as a result of the alleged mishandling of Plaintiff's contract claim and the publication of "Lynch's wrongful business address" in the Lawyer's Diary, which resulted in Plaintiff's "non-compliance with subpoenas and deserted lawyer practice" all which occurred between 2002 and 2018. (*See* Compl. at 3-4.) It is well-established that a district court may dismiss a civil rights suit for failure to state a claim where the facts alleged in the complaint plainly demonstrate that a cause of action has not been brought within the applicable limitations period." *Hunterson v. Disabato*, 244 F. App'x 455, 457 n.1 (3d Cir. 2007) (citing *Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978)). The statute of limitations for actions arising under 42 U.S.C. § 1983 in New Jersey is two years. *See Backof v. N.J. State Police*, 92 F. App'x 852, 855 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2). The statute of limitations for actions arising under 28 U.S.C. § 1402 is two years. *See Miller v. Philadelphia Geriatric Ctr*., 463 F.3d 266, 270 (3d Cir. 2006) (citing 28 U.S.C. § 2401(b)). Similarly, N.J.S.A. 2A:14–2 provides that an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the action. "[A] cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based. The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (internal quotation marks and citations omitted). Plaintiff was aware of his alleged injury when he was unable to serve Lynch with his legal malpractice lawsuit in 2010-2014. (*See* Compl.

at 2-3; id, Exs. J-0.) Even granting Plaintiff the most liberal reading of his Complaint when determining the accrual of his injury, none of the dates stated in the Complaint are more recent than February 4, 2019. (*See* Compl. at 3.) Plaintiff did not file this Complaint until January 3, 2024, well over four years later. Thus, the statute of limitations period on those claims has expired under any liberal reading. Further, in his opposition, Plaintiff provides no basis for a later accrual date or equitable tolling. (*See generally* ECF No. 24.) Therefore, to the extent Plaintiff asserts claims arising from incidents that occurred between 2002 and 2019, his claims are time-barred under 42 U.S.C. § 1983, 28 U.S.C. § 2401(b), and N.J.S.A. 2A:14–2.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to submit an opposition (ECF No. 24) is **GRANTED**. The Court has deemed ECF No. 24 as Plaintiff's opposition and considered the submission accordingly. Further, the LD Defendants' motion for judgment on the pleadings (ECF No. 18) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED *with prejudice*** in its entirety as to all defendants. An appropriate Order accompanies this Opinion.

**DATED:** March 17, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge